MULANY, RESPONDENT, *v.* MURRAY, APPELLANT.

(No. 5,169.)

(Submitted May 4, 1923.   Decided July 10, 1923.)

[216 Pac. 1105.]

*Promissory  Notes—Renewal  Notes—Accommodation  Makers— Liability—Consideration—Pre-existing  Indebtedness.*

Promissory Notes—Renewal Notes—Consideration—Liability of Accommodation Maker.
  1.   Where defendant signed a renewal note taking the place of a note signed by her husband and another, at the request of the husband for the purpose of lending her name to him as comaker, she was

an accommodation maker within the meaning of section 8436, Revised Codes of 1921, and not a guarantor, and liable as such to a holder for value though the latter knew her to be only an accommodation maker and that no consideration moved to her for signing it, the consideration moving to one or both of her comakers having been sufficient to uphold the note.

Renewal Notes—Pre-existing Indebtedness—Consideration.
2. A pre-existing indebtedness is sufficient consideration for a renewal note.

*Appeal from District Court, Beaverhead County; Wm. E. Carroll, Judge.*

ACTION by T. J. Mulany against Mary Adele Murray. From a judgment for plaintiff and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

*Messrs. Norris, Hurd & Collins,* for Appellant, submitted a brief; *Mr. John Collins* argued the cause orally.

It is admitted in the pleadings and in the evidence that no consideration moved from the plaintiff to Mrs. Murray. Under such considerations she would not be liable either as an accommodation maker, a surety or a guarantor, the execution, and delivery of the note having been made prior to her signature. In 8 C. J. 211, section 344, it is said: "The original consideration for the paper is not sufficient to support an indorsement or other signature made after the delivery of the instrument, and a mere admission on the indorser's part that he had security of his indorsement will not dispense with the need of consideration and of due proof of it. * * * In like manner, a new consideration is necessary for the signature of an additional maker added to a note after its delivery, of a surety signing after delivery or of a guaranty indorsed after delivery." (See, also, 8 C. J. 250; *Wipperman* v. *Hardy,* 17 Ind. App. 142, 46 N. E. 537; *Ladd* v. *Ardmore State Bank,* 43 Okl. 502, 143 Pac. 170; *First Nat. Bank* v. *Cecil,* 23 Or. 58, 31 Pac. 61, 32 Pac. 393; *Leverone* v. *Hildreth,* 80 Cal. 139, 22 Pac. 72; *Chaffee*

[68 Mont. 245.]

v. *Browne,* 109 Cal. 211, 41 Pac. 1028; *Williams* v. *Hasshagen,* 166 Cal. 386, 137 Pac. 9; *Lagomarsino* v. *Giannini,* 146 Cal. 545, 80 Pac. 698.) The rule set forth in the above authorities is also the rule in this state. (*Bank of Ontario* v. *Hoskins,* 33 Mont. 306, 83 Pac. 493.)

The only consideration that could exist for the note in suit is forbearance to sue. But plaintiff took a demand note, whereby any intention to forbear was distinctly negatived. As is said in *Fleming* v. *McLeod,* 39 Can. Sup. Ct. 290: "A demand note given in renewal of a time note and accepted by the holders is not a giving of time to the maker by which the indorser is discharged." (See, also, *Peninsular Sav. Bank* v. *Hosie,* 112 Mich. 351, 70 N. W. 890.) In *Fifth Nat. Bank* v. *Woolsey,* 21 Misc. Rep. 757, 48 N. Y. Supp. 148, the court said: "The note was taken in that form for the reason that the bank refused to extend the time of payment and did not intend to do so when it accepted the new note."

*Messrs. Lew. L.* and *E. J. Callaway,* for Respondent, submitted a brief; *Mr. E. J. Callaway* argued the cause orally.

That the defendant Mary Adele Murray is an accommodation maker upon the note in suit is beyond doubt; and under our statute, and the great weight of authority, she is primarily liable. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. (Sec. 8436, Rev. Codes, 1921; 8 C. J. 252.)

Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. (Sec. 8431, Rev. Codes 1921.) Value

is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time. (Sec. 8432, Rev. Codes 1921; 8 C. J. 217.) "The obligation of all makers, whether for accommodation or otherwise, is to pay to the holder for value according to the terms of the bill or note. Their obligation is primary and absolute. The fact that one is an accommodation maker gives rise to a duty no greater or different to the holder for value than that imposed upon a maker who received value." (*Union Trust Co.* v. *McGinty,* 212 Mass. 205, Ann. Cas. 1913C, 525, 98 N. E. 679; *First State Bank of Hilger* v. *Lang,* 55 Mont. 146, 9 A. L. R. 1139, 174 Pac. 597; *Merchants' Nat. Bank* v. *Smith,* 59 Mont. 280, 15 A. L. R. 430, 196 Pac. 523; *In re Stinger's Estate,* 61 Mont. 193, 201 Pac. 693; *Bradley etc. Mfg. Co.* v. *Heyburn,* 56 Wash. 628, 134 Am. St. Rep. 1127, 106 Pac. 170; *Toon* v. *McCaw,* 74 Wash. 335, L. R. A. 1915A, 590, 133 Pac. 469, *Cowan* v. *Ramsey,* 15 Ariz. 533, 140 Pac. 501.)

The pre-existing indebtedness evidenced by the note which the writing was intended to renew was a sufficient consideration for the entire contract of renewal; therefore the contention that the stipulation therein, whereby the maker waived the benefit of the statute of limitations, was without consideration had no merit. (*Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469; *Skagit State Bank* v. *Moody,* 86 Wash. 286, L. R. A. 1916A, 1215, 150 Pac. 425; *Miller & Lux* v. *Dunlap,* 28 Cal. App. 313, 152 Pac. 309; *First Nat. Bank* v. *Williams,* 54 Cal. App. 537, 202 Pac. 164; *Travis* v. *Unkart,* 89 N. J. L. 571, Ann. Cas. 1917C, 1031, 99 Atl. 320); *Shoenhair* v. *Jones,* 33 Cal. App. 545, 165 Pac. 971; see, also, *Bridges* v. *Vann,* 88 Kan. 98, 127 Pac. 604; *Wright* v. *McKitrick,* 2 Kan. App. 508, 43 Pac. 977; *Drake* v. *Pueblo Nat. Bank,* 44 Colo. 49, 96 Pac. 999 and cases cited; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019;

*Nicholson* v. *Neary,* 77 Wash. 294, 137 Pac. 492; 8 C. J., sec. 347; *Wilbur* v. *Griffins,* 56 Cal. App. 668, 206 Pac. 112.)

HONORABLE W. L. FORD, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

In this action the plaintiff sues upon a promissory note of which the following is a copy:

"$17,976.00.            Dillon, Mont., Aug. 28th, 1914.

"On demand, for value received, I, we, or either of us promise to pay to the order of T. H. Mulany seventeen thousand nine hundred seventy-six and no/100 dollars, with interest thereon at the rate of twelve per cent. per annum from and after the date hereof. All parties, whether primarily or secondarily liable upon this note, severally waive the benefit of all exemption laws; and in case the holder hereof shall employ an attorney to collect any part of the same, we agree to pay in addition ten per cent. of the amount due for collection charges, and in case of suit a reasonable attorney's fee.

"James P. Murray.

"Mary Adele Murray.

"C. E. Gruwell."

Indorsed: "Paid 9–25–15, on note, $12,976.00. Paid 9–25–15, on interest, $2,336.88."

The complaint is in the usual form, and the defendant Mary Adele Murray is sued both in her individual capacity and as the executrix of the estate of James P. Murray, deceased, but at the trial the cause was dismissed as to the estate and the defendant Gruwell was not served. The defendant Mary Adele Murray answered, admitting the execution of the note, alleging that the defendant James P. Murray, during his lifetime, paid said note, and pleading affirmatively want of consideration for her signature upon the promissory note, to which answer, reply was filed. The

plaintiff had judgment for the balance due upon the note, and the defendant Mary Adele Murray appeals from the judgment and the order denying her motion for a new trial.

The evidence discloses that on August 28, 1909, James P. Murray and C. E. Gruwell made, executed and delivered to the plaintiff their promissory note for the sum of $15,000, with interest at twelve per cent per annum, which note was renewed in 1910 and 1911; the defendant Mary Adele Murray was not a party to either the note or the renewals. On August 18, 1914, the note sued on was given in renewal of said note of 1909, including the interest therein, which was signed by the defendant Mary Adele Murray, and in that connection she testified in part as follows: "When I signed this note dated August 28, 1914, I knew that it was to take the place of a note that existed that my husband and Mr. Gruwell were liable on to Mr. Mulany. At that time my husband was not in good health. He was not almost an invalid at that time. I signed this new note in order to relieve my husband's mind and also so that Mr. Mulany might have a new note. I did that at my husband's request. I knew also at that time the interest on this note for $15,000 had not been paid, and that therefore the amount for which I signed the new note, to-wit, $17,976, was due on the $15,000 note, that Mr. Murray and Mr. Gruwell owed to Mr. Mulany. This note for $17,976 was signed by Mr. Murray and Mr. Gruwell either before or after I signed it. I signed the note for $17,976 at the request of my husband."

As counsel for defendant (appellant herein) state in their [1] brief, the only question submitted for our consideration is whether any consideration ever existed for the signature of the defendant Mary Adele Murray; and in that connection counsel contend that the defendant was a guarantor upon the debt of her husband and Gruwell, and that she could not be held liable for the reason that the original obligation was incurred five years previous, and no consideration

distinct from the original obligation exists. On the other hand, counsel for the plaintiff (respondent herein) contend that she is an accommodation maker.

"A guaranty is a promise to answer for the debt, default, or miscarriage of another person." (Sec. 8171, Rev. Codes 1921.)

"A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice." (*Id.*, sec. 8182.) "The undertaking is the guarantor's own separate contract." (*Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889; *Cole Mfg. Co.* v. *Morton,* 24 Mont. 58, 60 Pac. 587; *Daniel* on Negotiable Instruments, 6th ed., sec. 1753.)

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." (Sec. 8436, Rev. Codes 1921.)

"The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable." (*Id.*, sec. 8403.)

From the above citations, as well as from the testimony of the defendant herself, the conclusion is irresistible that she is not a guarantor but an accommodation maker.

No consideration moving to the accommodating party is necessary to uphold accommodation paper (8 C. J., sec. 403, p. 255), and the fact that the defendant herein signed the note without receiving any part of the consideration, and for the purpose of lending her name to her husband, does not alter her situation. She is liable notwithstanding the plaintiff, at the time he took the note, knew her to be only an

accommodation party. In other words, the fact that she is an accommodation maker gives rise to a duty on her part to the holder for value, no greater, no less, nor different than that imposed on the maker who received value. (*Merchants' Nat. Bank* v. *Smith,* 59 Mont. 280, 292, 15 A. L. R. 430, 196 Pac. 523; *Spear* v. *Ryan,* 64 Mont. 145, 148, 208 Pac. 1069; *In re Stinger's Estate,* 61 Mont. 173, 201 Pac. 693.) To uphold the note it is only necessary that one or more of the makers receive the consideration (*Skagit State Bank* v. *Moody,* 86 Wash. 286, L. R. A. 1916A, 1215, 150 Pac. 425); [2] and the consideration for the note sued on, so far as James P. Murray and Gruwell are concerned, is the pre-existing indebtedness (*Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469; sec. 8432, Rev. Codes 1921), and so far as the record discloses, the plaintiff Mulany is a holder for value (*Merchants' Nat. Bank* v. *Smith, supra; Lowell* v. *Bickford,* 201 Mass. 543, 88 N. E. 1).

The judgment and order appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.

Rehearing denied September 13, 1923.