CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee, *v.* NORA SWANZY BENNETT, ROSAMOND SWANZY MORGAN, FRANCIS SWANZY MORGAN, J. PATRICIA MORGAN SWENSON, RICHARD SWANZY MORGAN, Defendants-Appellees, HAWAIIAN TRUST COMPANY, LIMITED, Trustee under the Will of Emily Pauahi Judd, deceased, HEIRS OF KEPAA, deceased, HEIRS OF MAALEA, deceased, HEIRS OF HAOLE, deceased, HEIRS OF KAE, deceased, HEIRS OF KELIIOKAHONUA, deceased, HEIRS OF KAMAKAI, deceased, HEIRS OF MAHIOLA, deceased, HEIRS OF KANEAKALAU, deceased, HEIRS OF KAPIIOHO, deceased, JOHN DOE 1 through JOHN DOE 100, inclusive, and JANE ROE 1 through JANE ROE 100, inclusive, JOSEPH KAAIHUE LIMA, JR., Defendants, and ABRAHAM K. McAULTON, Intervenor-Appellant

NO. 7031

MAY 11, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by Abraham K. McAulton, an intervenor below, from orders denying a motion for relief from judgment under Rule 60, Hawaii Rules of Civil Procedure (HRCP), and denying reconsideration thereof.

Contrary to the requirements of Rule 7(a) of the Rules of the Circuit Court (RCC), neither motion specified the grounds therefor and neither was accompanied by a memorandum of law in support thereof. The motion for relief was filed on the 364th day following the entry of judgment and neither it nor the later motion for reconsideration specified which of the several grounds for relief set forth in Rule 60, HRCP, were being relied upon. The motion for relief was supported only by the hearsay affidavit of counsel which did not make up the obvious deficiencies in the motion filed.

On the day of hearing, counsel filed an affidavit of his client accompanied by numerous exhibits, some of which were photo-copies of certified copies of documents on file with the Public Arc-hives and the Bureau of Conveyances. No objection was made at the hearing to the lack of properly certified documents.

After hearing, the motion was denied. Ten days later a motion for reconsideration, accompanied by an affidavit of the appellant, was filed, which asserted that until the latter part of 1977 appellant was denied access to the documents on file in the Public Archives. We note that the photocopies of the certified documents from the Public Archives which were filed in support of the motion, with one exception, all bear dates long prior to 1977 and that the documents accompanying the one copy of a certificate which is dated in 1977, are illegible and hence, could have been of no help to the court below.

The copies of the certificates from the Bureau of Conveyances are all dated in 1977. There is no allegation in any affidavit, how-ever, that appellant was denied access to the documents on file in the Bureau of Conveyances and we take judicial notice that those docu-ments were available to the public at all times.

The brief on appeal, filed by appellant's counsel, pays as little regard to the rules of court as did the papers which the same counsel filed in the court below. For example, Rule 3(b)(4), Rules of the Supreme Court (RSC), requires that the brief contain "A concise statement of the case, with *record references supporting each statement of*

*fact or mention of trial proceedings. . . ."* This was not complied with. Nor was Rule 3(b)(5), RSC, which requires that the brief contain

> A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found.[1]

We are thus left to attempt to glean from the record, from what was said before the judge below, from the brief, and from the argument on appeal, what the points of claimed error are. We gather there are two. First, that the judgment should have been set aside because of newly discovered evidence under Rule 60(b)(2) and second, that the judgment should have been set aside because appellant lacked the effective assistance of counsel at the 1976 trial. This second contention was never presented to the court below in the motion or the affidavits nor expressly stated as a ground in the argument on the motion before the trial judge. It would appear to be a contention that the judgment should be set aside for mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1), HRCP. Such a motion, however, must be made within one year under the provisions of the rule. It was not. As has been said,

> A quite typical kind of case is that in which a party comes in more than a year after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1), and the courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6).

11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2864, pp. 221-3 (1973).

The Supreme Court of Hawaii certainly has shown its inclination to have appellant's claims tried on the merits. *City & County of*

---

[1] This is not the first case in which this particular counsel's failure to abide by the rules of court has come to our attention. Counsel's persistent disregard of the rules is making our job more difficult, is delaying the business of the courts, both at the trial and appellate levels, and is, frankly, rendering a disservice to his clients.

*Honolulu v. Bennett,* 57 Haw. 195, 552 P.2d 1380 (1976). In *Hana Ranch v. Kanakaole,* 1 Haw. App. 573, 623 P.2d 885 (1981), we indicated that because of the historical and cultural factors involved, we were not disposed to be technical in dealing with problems involving Hawaiian land claims. However, our willingness to consider, in this case, the merits, or lack thereof, of the two points raised (despite appellant's counsel's blatant disregard of the rules) should not be taken as indicating that in such cases the rules of court will not, in the future, be strictly applied.

As to the first point, it has no merit. Appellant was an intervenor seeking to set up title to the land which was being condemned. As such, he had the burden of showing that he had an interest in the land. The case was twice tried, once in 1973 and again in 1976. There is no showing that the Public Archives and the Bureau of Conveyances were closed to him at those times. The evidence upon which he seeks relief was a matter of public record available to him across all the years from the time he filed his first attempt to intervene. There has been a complete failure to show due diligence on his part in discovering this evidence. The appeal on this point is therefore frivolous.

Turning to the alleged ineffective assistance of counsel at the second trial, there is simply nothing in the record to support it. The transcript of the evidence at the first and second trials was not made a part of the record in this case. The only specific allegation of alleged ineffectiveness appearing in appellant's brief is the statement

> In the present case, the Court must understand that there was so much more evidence in support of Mr. McAulton's claim that should have been presented but was not, e.g. his Bible passed down from generation to generation with inscriptions and legends contained therein.*

---

* Mr. McAulton questioned Mr. Kim's refusal to so introduce the Bible but learned after trial that Mr. Kim was faced with more pressing matters this Court would eventually have to rule on. *Disciplinary Board of Hawaii v. Frank K. H. Kim,* No. 6834 (Haw., August 16, 1978).

No record reference is made in the brief. We can find nothing in the record to support the charge. It appears to be no more than a gratuitous statement interjected by counsel without record support

of any nature whatsoever. Moreover, even if the allegations of counsel were supported in the record, they would not, in our view, justify overturning the orders below.

If we were to hold that in civil cases the failure to introduce an exhibit or exhibits by a party's counsel was the ground for setting aside a judgment, we would be opening the gates to a veritable flood of appeals by disappointed litigants of whom there is at least one in every case. It might be that a case could arise of such extreme aggravation with respect to the conduct of counsel that a trial court, in its discretion, would set aside a judgment in a civil case under Rule 60(b)(6). There is nothing in this record to reflect that there were such aggravated circumstances; that counsel was, in fact, ineffective; or that the court below, in any way, abused its discretion in denying the motions under appeal. Therefore, appellant's second contention is also frivolous.

Because both of the points upon which appellant apparently is relying in this case are utterly without merit and frivolous, we will entertain a motion under Rule 9(e), Rules of the Intermediate Court of Appeals for the award of attorney's fees to the appellee on appeal if appellee chooses to make one. The orders appealed from, however, are affirmed.

*John F. Schweigert* for the appellant.

*Robert B. Bunn (Cades Schutte Fleming & Wright* of counsel) for appellees.