**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000636
09-JAN-2024
07:49 AM
Dkt. 108 SO**</span>

NO. CAAP-19-0000636

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EBBTIDE, LLC, Plaintiff-Appellee, v.
HAWAIIAN EBBTIDE HOTEL, INC., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-3090-12)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Hawaiian Ebbtide Hotel, Inc.

(**Hawaiian Hotel**) appeals from the June 24, 2019 Judgment on Jury

Verdict (**Judgment**) and July 23, 2019 Amended Judgment on Jury

Verdict (**Amended Judgment**), both entered by the Circuit Court of

the First Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee

Ebbtide, LLC (**Ebbtide**) and against Hawaiian Hotel.  Hawaiian

Hotel also challenges the Circuit Court's August 12, 2019 Order

Denying [Hawaiian Hotel's] [Hawai'i Rules of Civil Procedure

---

[1]      The Honorable Jeffrey P. Crabtree presided.

(**HRCP**)] Rule 59 Motion for New Trial, (**Order Denying Motion for New Trial**) entered by the Circuit Court.

Hawaiian Hotel raises four points of error, contending that the Circuit Court abused its discretion when it entered the Order Denying Motion for New Trial because:  (1) a jury is not permitted under Hawaiʻi law to award equitable relief; (2) the jury was improperly instructed on the legal standard applicable when awarding the equitable relief of lease termination; (3) the jury's factual determinations were insufficient to support equitable relief here; and (4) Hawaiian Hotel's attorney, Christopher Woo (**Woo**), was unfit to act as trial counsel, constituting an extraordinary circumstance warranting exceptional relief under HRCP Rule 60(b)(6).[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hawaiian Hotel's points of error as follows:

(1)  "In an action involving equitable claims, the jury may render a verdict which the court may use as an advisory aid in making findings of fact."  Bd. of Directors of Ass'n of

---

[2]     HRCP Rule 60(b)(6)(2022) states, in pertinent part:

**Rule 60.  RELIEF FROM JUDGMENT OR ORDER.**
. . . .
     **(b)  Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment.

Apartment Owners of Regency Tower Condo. Project v. Regency Tower Venture, 2 Haw. App. 506, 513, 635 P.2d 244, 249 (1981).

> "Equity courts may decide both fact and law, [and] they may, if they see fit, refer doubtful questions of fact to a jury . . . but such a verdict is not binding upon the judgment of the court, it is advisory simply, and the court may disregard it entirely or adopt it either partially or *in toto*."

Honolulu Sav. & Loan Co. v. Reed, 40 Haw. 269, 273 (1953) (internal citations and brackets omitted). Here, the jury concluded that Hawaiian Hotel seriously or substantially breached its lease with Ebbtide, determined that money damages would not reasonably and adequately remedy the situation, and the subject lease should be terminated. However, the jury's determination concerning the equitable remedy of lease termination was not binding, and the Circuit Court could have chosen whether to accept it in whole or in part, or reject it. See id. The Circuit Court accepted the jury's verdict in its entirety.

Nevertheless, HRCP Rule 52 requires a court, in all actions tried with an advisory jury, to find the facts specifically, and state separately its conclusions of law thereon. See HRCP Rule 52(a); see also Provident Funding Associates, L.P. v. Vimahi, No. 29797, 2010 WL 4491364, *2 (Haw. App. Nov. 10, 2010) (SDO) ("HRCP Rule 52(a) requires the court to issue findings of fact upon all actions tried upon the facts without a jury or with an advisory jury") (brackets and quotation marks omitted). Thus, although the Circuit Court had the discretion to accept the advisory jury's verdict, the Circuit

3

Court erred when it did not issue a separate findings of fact (**FOFs**) and conclusions of law (**COLs**). Therefore, this case must be remanded to allow for the issuance of FOFs and COLs.

(2) Hawaiian Hotel challenges the jury instructions appearing on pages 23,[3] 31,[4] and 32[5] of the court's written jury instructions. However, Hawaiian Hotel did not object to the challenged jury instructions. "Jury instructions 'to which no objection has been made at trial will be reviewed only for plain error.'" State v. Aganon, 97 Hawaiʻi 299, 302, 36 P.3d 1269, 1272 (2001).

An appellate court should invoke the plain error doctrine in civil cases sparingly, and only when justice so requires. See Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002). In civil cases,

> "we have taken three factors into account in deciding whether our discretionary power to notice plain error ought to be exercised: (1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import."

---

[3] The jury instruction on page 23 reads: "If a lessee substantially or seriously breaches the terms of a lease, the lessor is entitled to reasonable and adequate relief."

[4] The jury instruction on page 31 reads: "If the lessee has engaged in willful, intentional or grossly negligent conduct, the lease may be terminated. If the lessee has not engaged in willful, intentional or grossly negligent conduct, relief other than termination may be granted."

[5] The jury instruction on page 32 reads: "To justify a termination of a lease, the breach must have been serious or substantial."

Id. (internal brackets and citation omitted). Upon review of these factors, we consider whether the Circuit Court plainly erred with respect to the challenged jury instructions.

Hawaiian Hotel argues that the instruction on page 23 improperly suggests that if there is any breach of the lease, the plaintiff is entitled to any form of relief that the jury decides is reasonable and adequate. However, the first clause of the jury instruction "[i]f a lessee substantially or seriously breaches the terms of a lease. . ." undermines Hawaiian Hotel's argument, as reasonable and adequate relief would only be available for a serious or substantial breach. Additionally, Hawaiian Hotel does not offer support for an alternative jury instruction. Thus, we conclude that this argument is without merit.

Next, Hawaiian Hotel challenges the jury instruction on page 31, which reads "[i]f the lessee has engaged in willful, intentional or grossly negligent conduct, the lease may be terminated. If the lessee has not engaged in willful, intentional or grossly negligent conduct, relief other than termination may be granted." Hawaiian Hotel argues that this is an incorrect or materially incomplete statement of the law, pointing to Food Pantry, Ltd. v. Waikiki Business Plaza, Inc., which states "where the lessee's breach has not been due to gross negligence, or to persistent and wilful conduct on his part, and the lessor can reasonably and adequately be compensated for his

5

injury, courts in equity will generally grant relief."  58 Haw. 606, 614, 575 P.2d 869, 876 (1978).  However, a proper articulation of the law from <u>Food Pantry</u> appears on page 30 of the final jury instructions:

> "If a breach has occurred but has not been due to gross negligence, or not been due to persistent and willful conduct by the lessee, and the lessor can reasonably and adequately be compensated for its injury, money damages legally caused by the breach will generally be granted to the lessor."

The jury instruction on page 31 simply appears to be a different way of phrasing the rule from <u>Food Pantry</u> to facilitate the jury's understanding.  Second, the omitted clause on page 31 of the jury instruction is contingent on the lessee's breach not being due to gross negligence or persistent and willful conduct. Here, the jury found that the breach was due to gross negligence and persistent and willful conduct.  Lastly, the verdict form asked whether the jury believes that money damages can reasonably and adequately remedy the situation, to which the jury answered no.  Thus, based on the jury instructions as a whole, we conclude that Hawaiian Hotel's challenge is without merit.

Hawaiian Hotel argues that the Circuit Court plainly erred in instructing the jury that "[t]o justify a termination of a lease, the breach must have been <u>serious or substantial</u>." (Emphasis added).  To justify a termination of a lease, "the breach must have been 'material,' 'serious,' 'substantial,' **or** the like[.]"  <u>Aickin v. Ocean View Investments Co., Inc.</u>, 84 Hawaiʻi 447, 461, 935 P.2d 992, 1006 (1997) (emphasis added).  In

other words, a finding of any one or more of these alternatives can avoid the harsh result of a termination based on a merely technical or minor breach. See id. Here, the jury found that a termination of the lease was warranted based on the instruction that termination must be based on a serious or substantial breach, either of which would be sufficient to justify termination. On the special verdict form, the jury indicated, more than once, that Hawaiian Hotel's breach of lease was serious or substantial. Accordingly, we conclude that the Circuit Court did not plainly err in giving this instruction.

(3) Hawaiian Hotel argues that the jury's factual determinations were insufficient to support the equitable remedy of termination of lease because there was no finding that Hawaiian Hotel's breach was "material, serious, substantial, or the like." As discussed above, we conclude that a finding that the breach was serious or substantial was sufficient to justify a termination of lease. Accordingly, we conclude that this argument is without merit.

(4) Hawaiian Hotel argues that the Judgment and Amended Judgment should be set aside because Mr. Woo's unfitness to act as trial counsel amounts to an exceptional circumstance under Rule 60(b)(6) to warrant relief, citing U.S. Bank Nat. Ass'n v. Salvacion, which states "HRCP Rule 60(b)(6) provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances." No. 30594, 2011 WL 1574585, *6 (Haw.

App. Apr. 26, 2011) (mem. op.). This court has recognized the *possibility* relief could be granted under the rule based on *extreme* conduct of civil trial counsel. See City and County of Honolulu v. Bennett, 2 Haw. App. 180, 183, 627 P.2d 1136, 1139 (1981).

> "If we were to hold that in civil cases the failure to introduce an exhibit or exhibits by a party's counsel was the ground for setting aside a judgment, we would be opening the gates to a veritable flood of appeals by disappointed litigants of whom there is at least one in every case. It might be that a case could arise of such extreme aggravation with respect to the conduct of counsel that a trial court, in its discretion, would set aside a judgment in a civil case under Rule 60(b)(6)."

Id.

Hawaiian Hotel offered several alleged instances during trial that they believed warranted extraordinary relief. The first is that Woo allegedly failed to inform the Circuit Court or Hawaiian Hotel that Woo's license to practice law was suspended between March 1, 2019, and April 23, 2019. However, Woo's suspension began after the trial had been completed and Hawaiian Hotel has not established that this suspected suspension warranted extraordinary relief.[6]

The Circuit Court carefully considered and addressed each of the other issues raised by Hawaiian Hotel and concluded that under the totality of the circumstances before the court, the extraordinary relief requested by Hawaiian Hotel was not

---

[6] The trial took place between February 11-21, 2019. Additionally, we note that Woo's license was suspended for non-payment or late payment of bar dues, not the type of conduct that would necessarily indicate an inability to competently represent a client prior to the suspension.

warranted.  Upon review, we cannot conclude that the Circuit Court abused its discretion in denying Hawaiian Hotel's request for relief pursuant to HRCP Rule 60(b)(6).

For these reasons, the Circuit Court's June 24, 2019 Judgment and July 23, 2019 Amended Judgment are vacated only on the grounds that the Circuit Court failed to enter FOFs and COLS. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, January 9, 2024.

On the briefs:

Richard T. Forrester,
Matthew P. Holm,
(Forrester Legal, LLLC),
for Defendant-Appellant.

Jerrold K. Guben,
Randolph R. Slaton,
Kristi L. Arakaki,
(O'Connor Playdon Guben &
 Inouye LLP),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge