WILLIAM R. HOGE, JR., Plaintiff-Appellee, *v.* FRED KANE and STEVEN CHARLES KANE, Defendants-Appellants, and HONOLULU FEDERAL SAVINGS AND LOAN ASSOCIATION, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE ENTITIES 1-5, and DOE GOVERNMENTAL UNITS 1-5, Defendants

NO. 8993

MAY 23, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In this case, a decree of foreclosure which included an order of sale and appointment of commissioner was filed on August 10, 1981.

Thereafter, the following relevant events occurred: On March 17, 1982, the lower court filed an "Order Approving Report of Commissioner, and Confirming Commissioner's Sale of Real Property at Public Sale." On August 10, 1982, the lower court filed a deficiency judgment.

On September 8, 1982, defendants-appellants filed a notice of appeal of both the March 17, 1982 order and the August 10, 1982 judgment.

On March 11, 1983, plaintiff-appellee filed this "Motion to Dismiss Appeal or, Alternatively, to Strike Opening Brief," contending that since the defendants-appellants did not appeal the lower court's March 17, 1982 "Order Approving Report of Commissioner, and Confirming Commissioner's Sale of Real Property at Public Sale" within thirty days of its filing, the appeal as to it is too late. We disagree.

For purposes of appeal, foreclosure cases are bifurcated into two, not three or more, separately appealable parts.[1] *Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981). The first part is the decree of foreclosure. Hawaii Rules of Civil Procedure, Rule 73(a)'s thirty-day appeal period begins to run upon its filing. Moreover, if, as in this case, the order of sale is included in the decree of foreclosure or if, as in *Powers v. Ellis,* 55 Haw. 414, 520 P.2d 431 (1974), an order of sale is entered subsequent to a decree of foreclosure and thereafter a party files an appeal which is timely as to both, then the decree of foreclosure and the order of sale are treated as a single final order for purposes of appeal.

The second part includes all other orders. With rare exception,[2] all other orders are appealable upon the entry of the last of the series of orders which collectively embrace the entire controversy. *Sturkie v. Han, supra.* In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment.

In this case, defendants-appellants did not appeal the August 10, 1981 decree of foreclosure which included the order of sale. Thus, they cannot challenge either one.

However, the time to appeal all other orders was upon the filing of the "Deficiency Judgment" on August 10, 1982 since it qualified as the last order in a series which collectively embrace the entire controversy. Consequently, defendants-appellants' timely appeal of the August 10, 1982 "Deficiency Judgment"

---

[1] *Cf. Cleveland v. Cleveland,* 57 Haw. 519, 559 P.2d 744 (1977).

[2] *See MDG Supply v. Ellis,* 51 Haw. 480, 463 P.2d 530 (1969); *Penn v. Transportation Lease Hawaii, Ltd.,* 2 Haw. App. 272, 630 P.2d 646 (1981).

248

entitles them to challenge all orders and decrees other than the August 10, 1981 order and decree. Thus, they may challenge the March 17, 1981 order.

Accordingly, plaintiff-appellee's March 11, 1983 "Motion to Dismiss Appeal or, Alternatively, to Strike Opening Brief" is denied.

*James E. Ross* (*Morse & Nelson* of counsel) on the motion for plaintiff-appellee.

*Donald H. Wilson* for defendant-appellants.