HONOLULU FEDERAL SAVINGS AND LOAN ASSOCI-
ATION, a federal savings and loan association, Plaintiff-
Appellee, *v.* NICHOLAS R. PAO, MABEL PAO,
LEONARD F. CALISTRO, and CATHERINE CALIS-
TRO, Defendants-Appellees, HAWAII THRIFT &
LOAN, INCORPORATED, a Hawaii corporation, and
AMFAC FINANCIAL CORP., a Hawaii corporation,
Defendants, and MAIKAILOA VENTURES, Purchaser-
Appellant

NOS. 8304 and 8406

(CIVIL NO. 53513)

AUGUST 17, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Maikailoa Ventures (MV), a Hawaii general partnership, the purchaser at a mortgage foreclosure sale, appeals the lower court's order denying its motion to rescind the sale and forfeiting its $100,000 partial payment of the purchase price. We affirm.

The issues on appeal are (1) whether the lower court erred in holding that MV waived its right to rescind and agreed to the forfeiture and (2) whether the lower court abused its discretion in decreeing forfeiture of the entire $100,000. We answer no to both questions.

On January 11, 1978, plaintiff Honolulu Federal Savings and Loan Association (Honfed) initiated an action to foreclose a mortgage made by defendants Nicholas R. Pao, Mabel Pao, Leonard F. Calistro, and Catherine Calistro (collectively the mortgagors). The mortgage covered 3.668 acres of land (property) adjacent to the Haleiwa Beach Park in Waialua, Oahu, and secured a promissory note for $600,000.

On August 1, 1978, the court entered its order granting Honfed's motion for summary judgment and for a decree of foreclosure. Danny Graham (Graham) was appointed the commissioner to sell the property.

After delays for various reasons, Graham sold the property to MV[1] for the highest bid price of $910,000 at a public auction held on May 23, 1980. As required, a deposit of $50,000 was made.

By an order filed on August 18, 1980, the court extended the closing date. The court required, *inter alia,* (1) the closing to be on or before October 19, 1980, (2) partial payments by MV

---

[1] At the foreclosure sale, the highest bidder was attorney Roy M. Kodani (Kodani) and the sale was made to him or his nominee. It was later revealed that Kodani was bidding for Maikailoa Ventures (MV), a general partnership.

of $50,000 by July 21, 1980 and $210,000 by September 5, 1980, and (3) the forfeiture of all deposits and payments if the sale was not consummated on or before the closing date. By an order filed on August 20, 1980, the court confirmed the sale.

On September 4, 1980, MV's counsel Roy M. Kodani (Kodani) filed a motion which sought to have the closing date and the payment date for the $210,000 extended until Graham was ready to deliver a 25-foot easement or, in the alternative, a rescission of the sale and a return of the $100,000 already paid to Graham. In his affidavit attached to the motion, Kodani stated that (1) in publicizing the sale, Graham represented that the property "is accessed by Kahalewai Place" which is 25 feet wide; (2) MV relied upon such representation; and (3) after the judicial sale, it was discovered that the property is "land locked" and that "there is no 25 feet wide access right-of-way extending from the subject property to Kamehameha Highway."

Anticipating that the sale to MV would not close as scheduled, Honfed filed a motion on September 5, 1980 requesting the court to authorize a new sale of the property.

On September 11, 1980, the court heard both motions. Based on the representations of the attorneys present at the hearing, the court granted an extension of 90 days[2] on the condition that MV secure the payment of $210,000. Unfortunately, no written order evidencing the court's rulings was filed.[3]

On December 5, 1980, Mervyn W. Lee, a new attorney for MV, filed a motion for rescission and for a refund of the $100,000 payment. The basis of the motion was the lack of the 25-foot access easement and misrepresentation by Graham. On

---

[2] It is not clear from the Transcript of the September 11, 1980 Proceedings from what date the 90-day extension was to run.

[3] The record discloses that William H. Gilardy, Jr. (Gilardy), attorney for Honolulu Federal Savings and Loan Association (Honfed), prepared the "Order Extending Closing Date and Establishing Further Security" which is attached as Exhibit "A" to Honfed's motion filed on December 5, 1980. Gilardy indicates in his affidavit attached to the December 5, 1980 motion that he was awaiting the delivery of copies of relevant documents from Kodani.

the same day, Honfed filed its motion seeking a new sale and sanctions against MV and two of its partners.

Both motions were heard on December 11, 1980. By an order filed on January 29, 1981, the court (1) approved the "Order Extending Closing Date and Establishing Further Security" prepared by William H. Gilardy, Jr. (Gilardy), counsel for Honfed, and attached as Exhibit "A" to Honfed's December 5, 1980 motion; (2) declared the $100,000 paid by MV to be forfeited; (3) canceled the sale to MV; and (4) ordered Graham to conduct a new sale.

In the interim, on January 16, 1981, John R. Lacy (Lacy), the third attorney for MV, filed a motion to intervene[4] to assert MV's claim for reimbursement of the $100,000. At the hearing held on January 29, 1981, the court orally denied the motion since the $100,000 had already been declared forfeited. This ruling is included in the order filed on March 30, 1981.

On March 16, 1981, Lacy moved for reconsideration of the January 29, 1981 order forfeiting MV's $100,000 which was denied on April 21, 1981. On May 19, 1981, MV filed its notice of appeal.

In the interim, at a judicial sale held on January 19, 1981, Graham sold the property to Feung Jung Huang or nominee for $760,000. This sale was confirmed by the court in its order filed on March 30, 1981.

On July 13, 1981, a deficiency judgment of $164,116.82 was entered against the mortgagors. MV filed its second notice of appeal on August 12, 1981 and an amended notice of appeal on August 13, 1981.

---

[4] The successful bidder at a foreclosure sale becomes thereby a party to the proceedings and may appeal from an order by which he is aggrieved. *Davis v. Mercantile Trust Co.*, 152 U.S. 590, 14 S. Ct. 693, 38 L.Ed. 563 (1894); *Kneeland v. American Loan & Trust Co.*, 136 U.S. 89, 10 S. Ct. 950, 34 L.Ed. 379 (1890). *See also Pike v. Ruby Foo's Den*, 232 F.2d 683 (D.C. Cir. 1956); *In re California Associated Products Co.*, 183 F.2d 946 (9th Cir. 1950); 4 Am. Jur. 2d *Appeal and Error* § 199 (1962). Intervention by MV was unnecessary.

I.

We first address the issue of appellate jurisdiction. Both Honfed and the mortgagors contend that, as to certain orders from which MV appeals, its notices and amended notice of appeal were untimely. For example, they claim that the May 19, 1981 notice of appeal was too late as to the January 29, 1981 order which, *inter alia*, forfeited the $100,000. We disagree.

*Hoge v. Kane*, 4 Haw. App. 246, 663 P.2d 645 (1983), is dispositive of this issue. In *Hoge*, we stated:

> For purposes of appeal, foreclosure cases are bifurcated into two, not three or more, separately appealable parts. . . . The first part is the decree of foreclosure . . . .
>
> The second part includes all other orders. With rare exception, all other orders are appealable upon the entry of the last of the series of orders which collectively embrace the entire controversy. . . . In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment.

*Id.* at ___, 663 P.2d at 646-47 (footnotes and citations omitted).

Here, the appeal clock began running on July 13, 1981 when the deficiency judgment was filed. The August 12, 1981 notice of appeal, amended on August 13, 1981, brought up on appeal all pertinent orders entered since the filing of the August 1, 1978 order granting Honfed's motion for summary judgment and for an interlocutory decree of foreclosure.

II.

In essence, MV argues that (1) the property purchased by it lacked a 25-foot access easement to a public highway; (2) if it waived its right to rescind the sale in consideration of a 90-day extension of time and agreed to forfeit the $100,000 already paid, such waiver was conditioned upon its obtaining the 25-foot access easement; (3) the easement was not acquired; and (4) thus, the court erred in failing to grant its motion for rescission and a refund of the $100,000. We disagree.

A.

Initially, we address the question of the applicable standard of review. MV claims that, inasmuch as the lower court's actions were based on certain findings of facts made by it, the "clearly erroneous" standard is applicable. Honfed argues that the "abuse of discretion" standard must be applied.

MV challenges the "findings" in the "Order for a New Sale" filed on January 29, 1981. However, the numbered paragraphs therein were orders and not findings of fact. MV also refers to the "findings" in the "Order Denying Motion of Maikailoa Venturers [sic] for Reconsideration of Order that Maikailoa Venturers [sic] Forfeit $100,000" filed on April 21, 1981. However, they too were not proper findings of fact under Rule 52(a), Hawaii Rules of Civil Procedure (HRCP) (1981). Rule 52(a) concerns findings in an action "tried upon the facts without a jury or with an advisory jury." In the instant case, there was no evidentiary hearing and the "findings" were a result of oral representations made to the court by the parties' attorneys. Thus, the Rule 52(a) "clearly erroneous" standard is not applicable here.

Mortgage foreclosure is a subject matter "very clearly within the cognizance of a court of equity." *Honolulu Plantation Co. v. Tsunoda,* 27 Haw. 835, 840 (1924). The remedy sought in an equitable action is "addressed to the sound discretion of the trial court." *Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 235, 553 P.2d 733, 746 (1976). *See also Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869 (1978); *Fleming v. Napili Kai, Ltd.,* 50 Haw. 66, 430 P.2d 316 (1967). The granting of equitable relief will not be overturned on review unless the trial court abused its discretion by issuing a decision that "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment" of the appellant. *Clarkin v. Reimann,* 2 Haw. App. 618, 624, 638 P.2d 857, 861 (1981) (quoting *State v. Sacoco,* 45 Haw. 288, 367 P.2d 11 (1961)).

B.

The record supports a conclusion that MV waived its right to rescind the judicial sale and agreed to forfeit the $100,000 partial payment in consideration of the 90-day extension granted by the court.

Waiver has been defined to mean an "intentional relinquishment of a known right," a "voluntary relinquishment of some rights," and "the relinquishment or refusal to use a right." *Anderson v. Anderson,* 59 Haw. 575, 586-87, 585 P.2d 938, 945 (1978). *See also State Savings & Loan v. Kauaian Development Co.,* 50 Haw. 540, 445 P.2d 109 (1968); *Robinson v. McWayne,* 35 Haw. 689 (1940). To constitute a waiver, there must have existed a right or privilege claimed to have been waived and the waiving party must have had knowledge, actual or constructive, of the existence of such right or privilege at the time of the purported waiver. *See* 28 Am. Jur. 2d *Estoppel and Waiver* §§ 157, 158 (1966). The authorities do not agree whether a waiver must be supported by consideration. *Id.* at § 159.

The record indicates that Kodani represented MV at the September 11, 1980 hearing. Despite deeming the access problem to be "horrendous," Kodani was optimistic that the problem could be resolved and that what was needed was additional time. Transcript of September 11, 1980 Proceedings (Tr.) at 8-10. He was willing to withdraw MV's motion to rescind if a 90-day extension was granted. The court was willing to grant the extension but only upon the imposition of certain conditions. Gilardy insisted on two conditions for the extension: (1) that $210,000 plus interest "be payable absolutely, regardless of whether or not he [MV] gets any kind of easement" and that the same be "collateralized" (Tr. at 14) and (2) that MV "waive any right to that $100,000." Tr. at 16. Kodani responded that "on behalf of the partnership, I've been authorized to represent to this court that we will waive the $100,000 provided we have this extension." Tr. at 16. The court granted MV a 90-day extension and "such extension as may be reasonably necessary beyond the 90-day period required to apply for extension [sic]" and ordered that the $210,000 be "collateralized." Tr. at 17.

It is clear that on September 11, 1980, if there had been a

misrepresentation by Graham, MV had a right to rescind the sale and had knowledge of such right. The granting of the 90-day extension was adequate consideration for the relinquishment of such right and the agreement to forfeit the $100,000. The facts indicate an effective waiver. Kodani did not condition the waiver on MV's obtaining the 25-foot easement but on getting the extension. This was in spite of Gilardy's insistence that MV pay the $210,000 plus interest "whether or not he [sic] gets any kind of an easement." Thus, it was not unreasonable for the court to comment at a subsequent hearing:

That's what burns me up about this thing. This is not the first time it happened. The first time we went through it, that's why orally in court I pinned him down to waive the hundred thousand dollars and forfeit it. He said yes in the presence of his client.

Transcript of December 11, 1980 Proceedings at 10.

We hold that the court's denial of MV's motion for rescission and a refund of the $100,000 was not an abuse of discretion by the court.

### C.

Citing *State v. Foster,* 44 Haw. 403, 354 P.2d 960 (1960), MV argues that (1) if there was an "agreement" or "stipulation" to waive the $100,000 partial payment, it is clear that MV entered into such "agreement" or "stipulation" mistakenly or improvidently; (2) accordingly, the court should have granted MV relief by refunding the $100,000; and (3) thus, the court abused its discretion by forfeiting MV's $100,000.

In *State v. Foster, supra,* a criminal case, our supreme court stated that "a stipulation made inadvertently, inadvisedly or improvidently should be permitted to be withdrawn by the court when inequity will result to one side and *the other party will not be prejudiced thereby. Id.* at 423, 354 P.2d at 97 (emphasis added).

Here, the refund of the $100,000 would have prejudiced Honfed or the mortgagors. There was no abuse of discretion by the court.

III.

MV contends that the trial court erred in ordering forfeiture of the $100,000 because such sum was not reasonably related to the actual damages. *Jenkins v. Wise,* 58 Haw. 592, 574 P.2d 1337 (1978); *Gomez v. Pagaduan,* 1 Haw. App. 70, 613 P.2d 658 (1980). However, this question was not presented to the trial court and is being made for the first time on appeal.

The rule is that an "appellant is precluded from raising for the first time on appeal . . . a question which was not presented in the trial court." *Miller v. Leadership Housing Systems,* 57 Haw. 321, 325, 555 P.2d 864, 867 (1976). *See also Kawamoto v. Yasutake,* 49 Haw. 42, 410 P.2d 976 (1966); *Dowsett v. Cashman,* 2 Haw. App. 77, 625 P.2d 1064 (1981).

An appellate court will adhere to the foregoing rule "unless and until justice otherwise requires." *Earl M. Jorgensen Co. v. Mark Construction, Inc.,* 56 Haw. 466, 476, 540 P.2d 978, 985 (1975). *See also Fujioka v. Kam,* 55 Haw. 7, 514 P.2d 568 (1973); *Bank of Honolulu v. Anderson,* 3 Haw. App. 545, 654 P.2d 1370 (1982); *In re Keamo,* 3 Haw. App. 360, 650 P.2d 1365 (1982). In determining whether "justice otherwise requires," three factors are considered: (1) whether consideration of the question requires additional facts, (2) whether resolution of the issue will affect the findings of fact of the trial court, and (3) whether the question is of great public import. *Fujioka v. Kam, supra.*

Here, the consideration of whether the amount forfeited was reasonably related to the actual damages will require additional facts not in the record. Furthermore, the question posed is not one of first impression nor of great public import. Consequently, justice does not require that we consider this matter raised for the first time on appeal.

Affirmed.

*John R. Lacy* (*Goodsill, Anderson & Quinn,* of counsel) for purchaser-appellant.

*Brian P. Aburano* (*William H. Gilardy, Jr.* and *Michiro Iwanaga* on the brief; *Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy,* of counsel) for plaintiff-appellee.

*V. Spencer Page* for defendants-appellees Nicholas R. Pao, Mabel Pao, Leonard F. Calistro, and Catherine Calistro.