PROFESSIONAL SPONSORING FUND, INC., Plaintiff-Appellee, *v.* KRISHNA VENKATA SOMAYAJULU RAO, CHARU MATI RAO, Defendants-Appellants, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, BANK OF HAWAII, JOHN AND MARY DOES 1-20, AND DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, Defendants-Appellees

NO. 9904

(CIVIL NO. 73843)

JANUARY 10, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff-appellee Professional Sponsoring Fund, Inc.'s October 4, 1984 motion to dismiss the appeal for lack of jurisdiction is denied. For the reasons stated below, however, we hold that the only properly raised issues on appeal are whether the lower court erred (1) in its January 10, 1984 denial of defendants-appellants Krishna Venkata Somayajulu Rao and Charu Mati Rao's (collectively "Raos") November 30, 1983 Rules 60(b) and 62(b), Hawaii Rules of Civil Procedure (HRCP), motion and (2) in its February 8, 1984 denial of the Raos' January 11, 1984 motion for reconsideration of the January 10, 1984 denial.

The relevant facts are as follows: By complaint dated October 15, 1982, plaintiff sought foreclosure of the Raos' mortgage. A

decree of foreclosure was filed on September 13, 1983. On March 7, 1984 the Raos filed a notice of appeal of:[1]

I. The September 13, 1983 decree of foreclosure.

II. The January 10, 1984 denial of their Rules 60(b) and 62(b), HRCP, motion filed on November 30, 1983.

III. The February 8, 1984 denial of their January 11, 1984 Rule 59(e), HRCP, motion for reconsideration of the January 10, 1984 denial of their Rules 60(b) and 62(b), HRCP, motion.

On May 9, 1984 the Raos filed an amended notice of appeal and added to their list of orders appealed from:

IV. The April 10, 1984 order confirming the commissioner's sale.[2]

I.

The Rule 73(a), HRCP, 30-day period within which to appeal the September 13, 1983 decree of foreclosure began running on September 13, 1983.[3] *Hoge v. Kane I*, 4 Haw. App. 246, 663 P.2d 645 (1983). Consequently, as to the September 13, 1983 decree of foreclosure, both of the notices of appeal were untimely filed. Therefore, the September 13, 1983 decree of foreclosure is a final judgment which cannot be appealed.

---

[1] When an appellant files a notice of appeal from a final judgment, he may, in his opening brief, challenge all nonfinal prior orders and happenings which led up to that final judgment. *Kahalewai v. Rodrigues,* 4 Haw. App. 446, 667 P.2d 839 (1983). Consequently, the notice of appeal should be in general form and need not and probably should not specify the various nonfinal orders that will be challenged in the points of appeal in the opening brief.

[2] The April 10, 1984 order confirmed the foreclosure sale of the property to the Raos. However, the Raos' counsel informed the circuit court by letter dated June 27, 1984 that the Raos were unable to consummate the sale due to insufficient funds and lack of credit. *See* Record at 430.

[3] Effective June 1, 1984 Rule 73(a), HRCP, was superseded by Rule 4(a), Hawaii Rules of Appellate Procedure (1984). The result in this case is the same under Hawaii Rules of Civil Procedure and under Hawaii Rules of Appellate Procedure.

## II.

The Rule 73(a), HRCP, 30-day period within which to appeal the January 10, 1984 denial of the Raos' Rules 60(b) and 62(b), HRCP, motion began running on January 10, 1984, 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2871 (1973), but was tolled by the Raos' January 11, 1984 Rule 59(e), HRCP, motion for reconsideration.[4]

In *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980), we questioned a party's authority to seek a Rule 59(e), HRCP, reconsideration of a denial of Rules 59(a), 59(e), and 60(b)(6), HRCP, motions. We continue to question the authority for Rule 59(e), HRCP, motions for reconsideration of denials of Rules 59(a) and (e), HRCP, motions. Otherwise, by filing successive Rule 59(e), HRCP, motions, a party could continuously toll the time for appeal of the denial of the original Rules 59(a) and (e), HRCP, motions. *See* 6A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice ¶ 59.13 (2d ed. 1984). However, we now hold that a party is entitled to file one Rule 59(e), HRCP, motion for reconsideration of a denial of a Rules 60(b) and 62(b), HRCP, motion.

## III.

As we noted in *Hoge v. Kane I, supra,* for purposes of appeal foreclosure cases are bifurcated into two, not three or more, separately appealable parts. The first part is the decree of foreclosure. The second part includes the other orders, the last of which is usually the deficiency judgment. Here, the foreclosure sale has not been closed. Consequently, the April 10, 1984 order confirming the commissioner's sale is an interlocutory order that may not be appealed absent special permission until the second part of the case is completed.

## IV.

In their opening brief filed on July 16, 1984, the Raos set forth the following points of error:

---

[4] See footnote 3.

1. It was error not to have granted the Raos' Rules 60(b) and 62(b), HRCP, motion and set aside the decree of foreclosure.

2. It was error to issue a decree of foreclosure prior to conducting an evidentiary hearing as to the amount actually owed by the Raos.

The Raos are entitled to argue point 1. *See* sections II and III above. They are not entitled to argue point 2. *See* section I above.

The motion to dismiss the appeal for lack of jurisdiction is denied.

*Joseph A. Ryan (Ryan & Ryan)* and *Jack F. Schweigert* on the briefs for defendants-appellants.

*Alfred H. H. Hee* on the brief for plaintiff-appellee.