**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000761
29-DEC-2022
08:00 AM
Dkt. 134 SO**

NO. CAAP-18-0000761

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-4,
Plaintiff-Appellee,
v.
MILAGROS LEANO CASTRO; BENNY F. CASTRO,
Defendants-Appellants,
and
OWANA HOMEOWNER'S ASSOCIATION; CACH, LLC;
ASSOCIATION OF APARTMENT OWNERS OF VALLEYVIEW
MELEMANU WOODLANDS; and DOES 1 through 20, inclusive,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0808-03)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

Self-represented Defendants-Appellants Milagros Leano Castro and Benny F. Castro (**the Castros**) appeal from the following post-judgment orders entered by the Circuit Court of the First Circuit (**Circuit Court**): (1) the June 28, 2018 "Order Denying [the Castros'] Renewed Motion for Relief from Judgment Filed May 3, 2018" (**Order Denying Motion for Relief from Judgment**); and (2) the September 4, 2018 "Order Denying [the Castros'] Motion for Reconsideration Filed on June 18, 2018" (**Order Denying Motion for Reconsideration**) (collectively, the **Post-Judgment Orders**).[1] For the reasons explained below, we affirm.

---

[1] The Honorable Jeannette H. Castagnetti presided.

On March 31, 2014, Plaintiff-Appellee U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-04 (**U.S. Bank**), filed a complaint for declaratory relief and mortgage foreclosure against the Castros and others.  The Castros filed a response to the complaint, alleging that the purported assignments of the subject mortgage and promissory note were fraudulent and that U.S. Bank lacked standing to foreclose.

On August 22, 2014, U.S. Bank filed a motion for summary judgment and for interlocutory decree of foreclosure. The Castros did not file an opposition.  The motion was heard on December 24, 2014.  The Castros did not appear at the hearing. The record on appeal does not contain a transcript of the hearing, but the Circuit Court minutes indicate that the motion was orally granted at that time.  On January 29, 2015, the Circuit Court entered findings of fact, conclusions of law, and an order granting U.S. Bank's motion for summary judgment and for interlocutory decree of foreclosure (**Foreclosure Decree**).  The Judgment in favor of U.S. Bank and against all defendants was entered the same day.[2/]  The Judgment was appealable under Hawaii Revised Statutes § 667-51(a)(1) (2016).

The Castros did not appeal from the Judgment.

On May 3, 2018, the Castros filed a "Renewed Motion for Relief from Judgment" (**Motion for Relief from Judgment**),[3/] purportedly brought under a variety of authorities, including Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(3) and (4).[4/] The Castros' argument is difficult to discern, but it appears

---

[2/]     The Honorable Bert I. Ayabe entered the Foreclosure Decree and the Judgment.

[3/]     The Castros' April 5, 2018 motion for relief from judgment was stricken for failure to comply with court rules regarding service and notice of the motion.

[4/]     Although the Castros listed various statutes, court rules, and a constitutional provision (the Fourteenth Amendment) in their motion, the only listed authority that could properly serve as a procedural vehicle for the motion was HRCP Rule 60(b)(3) and (4).  The rule states, in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; [and] (4) the judgment is void[.]"

they claimed the Judgment was void under HRCP Rule 60(b)(4) because the Circuit Court lacked subject matter jurisdiction. Relatedly, the Castros appear to have argued that the promissory note was fraudulently endorsed; U.S. Bank did not own or control the note at the commencement of the foreclosure action; and U.S. Bank thus failed to establish its standing. The Castros also argued that indispensable parties had not been joined in the litigation.

On June 4, 2018, the Circuit Court denied the Castros' Motion for Relief from Judgment by minute order, and on June 28, 2018, the Circuit Court entered the Order Denying Motion for Relief from Judgment. On June 18, 2018, the Castros filed a motion for reconsideration. The Circuit Court denied the motion for reconsideration in a July 27, 2018 minute order, which stated in relevant part:

> [The Castros] have not presented new evidence or arguments that could not have been presented during the adjudicated motion, e.g., [U.S. Bank's] motion for summary judgment, filed on August 22, 2014, to which [the Castros] did not file an opposition . . . .

(Letter case altered.) On September 4, 2018, the Circuit Court entered the Order Denying Motion for Reconsideration.

On appeal, the Castros raise eleven points of error, many of which are difficult to discern and appear to overlap, and all of which appear to challenge the foreclosure, as if the Castros had appealed from the Judgment. See Nationstar Mortgage LLC v. Akepa Properties LLC, No. CAAP-15-0000407, 2017 WL 1401468, at *2 (Haw. App. Apr. 19, 2017) (SDO) ("[Appellant] makes little effort to address the requirements under [HRCP] Rule 60(b), but instead argues as if it had appealed from the Foreclosure Judgment."). The Castros' sole discernible contention related to the Post-Judgment Orders appears to be that U.S. Bank lacked standing to bring the foreclosure action, which the Castros assert deprived the Circuit Court of subject matter jurisdiction. Relying on Bank of Am. N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 370, 390 P.3d 1248, 1257 (2017), the Castros seemingly argue that U.S. Bank failed to show it had standing to enforce the note and mortgage at the commencement of the

3

foreclosure action, and the Judgment was therefore "void." The Castros do not specifically invoke HRCP Rule 60(b)(4) in making this argument, but that appears to have been the basis for their related argument in the Circuit Court.[5/]

We review a circuit court's decision on an HRCP Rule 60(b) motion for abuse of discretion. PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020). However, "[t]he determination of whether a judgment is void [under HRCP Rule 60(b)(4)] is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." In re Hawaiian Elec. Co., 149 Hawaiʻi 343, 362, 489 P.3d 1255, 1274 (2021) (quoting International Sav. & Loan Ass'n v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000)).

The Circuit Court did not err in denying the Castros' Motion for Relief from Judgment. Under Hawaiʻi law, standing is not an issue of subject matter jurisdiction. Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 192, 439 P.3d 127, 144 (2019). The Castros make no other discernible argument challenging the Circuit Court's subject matter jurisdiction, and they do not contend that the Circuit Court lacked personal jurisdiction over them. Similarly, the Castros make no discernible argument that the Circuit Court acted in a manner inconsistent with due process of law.[6/] Accordingly, the Circuit Court had jurisdiction to enter the Judgment, and it was not void under HRCP Rule

---

[5/]     Although the Motion for Relief from Judgment also cited HRCP Rule 60(b)(3), this ground was precluded by the rule itself, because the motion was brought "more than one year after the [J]udgment . . . was entered . . . ." HRCP Rule 60(b).

[6/]     The Castros assert generally that U.S. Bank "[took] action in violation of due process," but made no discernible argument below and offer none on appeal as to how they were deprived of due process. See Citicorp Mortgage Inc. v. Bartolome, 94 Hawaiʻi 422, 433, 16 P.3d 827, 838 (App. 2000) ("An appellate court does not have to address matters for which the appellant has failed to present discernible argument."); Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7); see also Ito v. Investors Equity Life Holding Co., 135 Hawaiʻi 49, 74, 346 P.3d 118, 143 (2015) ("Where an appellant makes general assertions of a due process violation, without further elaboration or citation to authority, the court cannot reach a reasoned conclusion, and the due process argument is deemed waived." (citing Cty. of Hawaii v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008))).

60(b)(4).[7] Because the Judgment was not void, the Circuit Court did not err in denying the Castros' motion to set it aside.

The Castros do not argue any error unique to the Order Denying Motion for Reconsideration.

For the reasons discussed above, we affirm the following orders entered by the Circuit Court of the First Circuit: (1) the June 28, 2018 "Order Denying [the Castros'] Renewed Motion for Relief from Judgment Filed May 3, 2018"; and (2) the September 4, 2018 "Order Denying [the Castros'] Motion for Reconsideration Filed on June 18, 2018."

DATED: Honolulu, Hawaiʻi, December 29, 2022.


On the briefs:

Milagros Leano Castro and
Benny F. Castro,
Self-represented Defendants-
Appellants.

Edmund K. Saffery and
Deirdre Marie-Iha
(Goodsill Anderson Quinn &
Stifel)
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[7] The Castros did not argue below — or on appeal — that relief was warranted under HRCP Rule 60(b)(6). The issue is thus deemed waived. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd, 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) (arguments not raised in the trial court are ordinarily deemed waived on appeal); HRAP Rule 28(b)(7).